```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

IN RE: VINCENT L. ABELL         :
_____
                                :
VINCENT L. ABELL
       Appellant                :

   v.                           :  Civil Action No. DKC 14-1037

                                :
MARIA WILSON, et al.
       Appellees                :
```

**MEMORANDUM OPINION**

Pending before the court is an appeal by Appellant Vincent Abell from orders entered by United States Bankruptcy Judge Paul Mannes on February 18, 2014 and February 24, 2014.  The February 18 order granted the motion for sanctions filed by Roger Schlossberg, Trustee for Appellant.  The February 24 order granted a similar motion for sanctions filed by Appellee Maria Wilson.  Because the facts and legal arguments are adequately presented in the briefs and record, oral argument is deemed unnecessary.  *See* Fed.R.Bankr.P. 8012; Local Rule 105.6.  For the reasons that follow, the rulings of the bankruptcy court will be affirmed.

**I.   Background**

On March 5, 2013, Debtor Vincent L. Abell filed a petition for relief under Chapter 11 of the bankruptcy code in the United States Bankruptcy Court for the District of Maryland.  On March

27, 2013, Abell filed amended schedules claiming as exempt "Modern Management Company Employee Benefit Trust" ("MM-EBT") and a Roth IRA.  In May 2013, creditors - including Wilson - filed objections to this and other claimed exemptions, contending that the MM-EBT and Roth IRA were not established, maintained, treated, or operated in compliance with applicable law and thus cannot be claimed as exempt retirement funds.  Judge Mannes issued a scheduling order setting the close of discovery at September 4, 2013 and trial on November 7, 2013.  On July 10, 2013, Wilson served her first request for production of documents and interrogatories upon Abell requesting, in part, documents concerning the MM-EBT and Roth IRA.  On September 28, 2013, Mr. Schlossberg was appointed trustee upon motion by the United States Trustee and Wilson.  On October 8, 2013, Wilson filed a motion to compel, arguing that Abell's document production and answers were incomplete.  On October 23, 2013, Judge Mannes granted Schlossberg's motion to intervene in the contested matter and extended the discovery deadline by eight months.  On November 8, 2013, Schlossberg joined Wilson's motion to compel and served his first set of interrogatories on Abell on November 14, 2013.  A hearing was held before Judge Mannes on November 21, 2013.  On December 11, 2013, Judge Mannes ordered Abell to produce to Wilson all requested records in his custody

2

concerning the MM-EBT and Roth IRA.  On January 21, 2014, Wilson and Schlossberg each filed motions for sanctions pursuant to Fed.R.Civ.P. 37(d) against Abell.  Wilson argued that Abell had refused to comply with Judge Mannes' December 11 order, and Schlossberg represented that after he agreed to Abell's request for additional time to respond to his interrogatories, Abell had still not provided any response.  Both Wilson and Schlossberg requested that the bankruptcy court deny and dismiss Abell's exemption claims relating to funds in the MM-EBT and Roth IRA. A hearing was scheduled for February 12, 2014.  Late on the night before the hearing, Abell filed his responses to Schlossberg's requests.  A hearing on the matter was held on February 12, 2014.  Mr. Abell was not at the hearing as he was being held in the D.C. jail since November 18, 2013 for civil contempt in a separate case.  Abell's counsel argued that because all of the relevant records were in electronic form and Mr. Abell was not allowed access to a computer, he had been unable to provide critical assistance to his counsel.  The relevant records were being held by Mr. Abell's estranged wife, Ms. Bertola.  At the conclusion of the hearing, Judge Mannes took the matters under advisement.

On February 18, 2014, Judge Mannes granted Schlossberg's motion for sanctions and ordered that the facts related to

Abell's MM-EBT and Roth IRA are established in favor of Schlossberg and Wilson for purposes of the contested matter and, further, that (1) the Roth IRA was not established in compliance with applicable state or federal law and therefore never did and does not now constitute a "Roth IRA" capable of exemption; and (2) the MM-EBT was not established in compliance with applicable state or federal law and therefore does not now constitute a retirement or pension fund capable of exemption. On February 24, 2014, Judge Mannes entered a similar order as to Wilson's motion. In a later decision denying Abell's motion to stay proceedings pending an appeal of the sanctions, Judge Mannes acknowledged that the sanctions were "extreme," but found that the Abell "failure to make disclosures and cooperate were not in good faith as reflected in the dreary record of noncompliance that he sought to excuse on his more recent incarceration." (ECF No. 12-1). Judge Mannes wrote that a supersedeas bond is normally a less harsh sanction in situations similar to the present, but found it useless given that Abell testified that his failure to comply was due to the unwillingness of his estranged spouse to cooperate, as she is the party who holds the documents at issue.

On April 7, 2014, Abell filed an appeal of these two orders and filed his brief on May 6, 2014. (ECF No. 9). Wilson and

4

<1>
<2>
<3>
<4>
<5>
<6>
<7>
<8>
<9>
<10>
<11>
<12>
<13>
<14>
<15>
<16>
<17>
<18>
<19>
<20>
<21>
<22>
<23>
<24>
<25>
<26>
<27>
<28>
<29>
<30>

Schlossberg each filed opposition briefs on June 10, 2014 (ECF Nos. 12 and 13). Abell replied on June 25, 2014. (ECF No. 16).

**II. Standard of Review**

When reviewing a bankruptcy court's final order, the district court acts as an appellate court. Accordingly, legal conclusions are reviewed *de novo* and findings of fact are reviewed for clear error. *In re Official Comm. of Unsecured for Dornier Aviation (N. Am.), Inc.*, 453 F.3d 225, 231 (4th Cir. 2006). An abuse of discretion standard applies to a bankruptcy court's orders denying or imposing discovery sanctions. *Jacksonville Airport, Inc. v. Michkeldel, Inc.*, 434 F.3d 729, 732 (4th Cir. 2006). "At its immovable core, the abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the court does not reverse merely because it would have come to a different result in the first instance." *Evans v. Eaton Corp. Long Term Disability Plan*, 514 F.3d 315, 322 (4th Cir. 2008) (citation omitted).

**III. Analysis**

Abell challenges Judge Mannes' sanctions as an abuse of discretion. Fed.R.Civ.P. 37(d), applicable to the bankruptcy court pursuant to Fed.R.Bankr.P. 7037, governs sanctions for a party's failure to respond to discovery requests. The sanctions

available under Rule 37(d) include, *inter alia*, "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action," and "rendering a default judgment against the disobedient party." Fed.R.Civ.P. 37(b)(2)(A)(i) and (vi). The following four factors must be considered when entering default judgment as a sanction: (1) whether the noncompliant party acted in bad faith; (2) the amount of prejudice the party's noncompliance caused the opposing party, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Mut. Fed. Sav. & Loan v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).

The bankruptcy court was within its discretion to enter judgment against Abell based on Abell's bad faith and the absence of effective, less drastic sanctions. Although the bankruptcy court's order did not make specific findings with respect to each of these factors, the record of the adversary proceeding supports the sanction. Abell repeatedly failed to respond to Wilson and Schlossberg's requests, and the last-minute, incomplete documents Abell eventually provided supported a finding of bad faith. In seeking sanctions, Schlossberg and

Wilson clearly explained that Abell's behavior prejudiced them by failing to have the information necessary to support their objections to Abell's claimed exemptions for the MM-EBT and the Roth IRA.  (ECF Nos. 1-75 and 1-78).  It would not have been an abuse of discretion to conclude either (1) that repeatedly failing to respond to discovery requests is conduct that should be deterred; or (2) that a less severe sanction would not function as an effective deterrent given Abell's incarceration.

In his appeal, Abell makes multiple arguments.  First, he argues that he was denied his right to meaningful participation in this matter.  While he acknowledges that he was represented by counsel, he argues that severity of the sanction required that Abell be given the ability "to respond, either directly, or through directed representation by his counsel." (ECF No. 9, at 24).  Second, Abell argues that there was no hearing before sanctions were filed, contending that the outcome of the February 12 hearing was merely an extension of the discovery deadline.  Finally, Abell argues that he was not given adequate warning that a sanction as harsh as deeming the MM-EBT and Roth IRA non-exempt could possibly be in the offing.[1]

---

[1] Abell also argues that the ultimate sanction was an abuse of discretion.  For the reasons discussed above, this argument will be rejected.

7

Each of these arguments can be easily dismissed. Both Schlossberg and Wilson's motions for sanctions made clear that they were seeking the strong sanction of declaring the MM-EBT and Roth IRA as non-exempt. Abell and his counsel certainly were on notice of the potential punishment and had adequate opportunity to plan a defense. At the hearing, Abell's counsel was given much time to explain his client's predicament and the reasons for his non-compliance. Abell contends that Judge Mannes let Schlossberg and Wilson decide Abell's sanctions, but that is simply a misinterpretation of the hearing. Judge Mannes acknowledged that Schlossberg's counsel wanted an extension of the discovery deadline and then asked counsel if she wanted anything else. Schlossberg's counsel responded that if Judge Mannes "is not willing to consider out motion for sanctions, we'll take the extension." (ECF No. 5, at 6, Trans. 6:16-20). Similarly, Wilson's counsel stated that her primary desire was for the court to sanction Abell by declaring the MM-EBT and Roth IRA as non-exempt. (*Id.* at 9, Trans. 9:20-25). Judge Mannes extended the discovery deadline to May 1, and took the matter of sanctions under advisement. (*Id.* at 30, Trans. 30:8-9). In sum, Judge Mannes had broad discretion to declare that MM-EBT and Roth IRA were non-exempt against Abell as a discovery

8

sanction, and there is no basis for concluding that he abused it.

**IV. Conclusion**

For the foregoing reasons, the bankruptcy court's orders against Appellant will be affirmed. A separate order will follow.

/s/<br>
DEBORAH K. CHASANOW<br>
United States District Judge